THOMAS T. REEVE and GEORGE W. ROE, Respondents.

*vs.*

LEWIS L. LEE, MARCELLUS LEE, and MICHAEL STEEVER, Appellants,

APPEAL FROM THE MILWAUKEE CIRCUIT COURT.

A variance between the complaint, wherein the Christian name of the plaintiff is called *Gilbert*, and the judgment, wherein it is called *George*, held a sufficient error to reverse the judgment on appeal.

On the fourth day of November, 1857, the plaintiffs below, Thomas T. Reeve and George W. Roe, by Butler, Buttrick and Cottrill, their attorneys, filed their complaint against Lewis L. Lee and Michael Steever, upon the note copied below. And on the same day came D. Corson, Esq., as attorney for defendants, Lewis L. Lee and Michael Steever, and by virtue of the warrant of attorney attached to the note, admitted their indebtedness to the plaintiffs in the action, and confessed a judgment therein in favor of said plaintiffs and against the said defendants, Lewis L. Lee and Michael Steever, for the sum of eight hundred and one dollars and seventy-seven cents, with costs to be tazed. The following is a copy of the note and warrant of attorney:

$800                         MILWAUKEE, Nov. 27th, 1857.

Two months after date, for value received, we promise to pay J. S. Fillmore or order, at the Farmers' & Millers' Bank, eight hundred dollars, with interest at the rate of ten per cent. per annam till paid, after due.

L. L. LEE & SON,
M. STEEVER.

Know all men by these presents, that whereas, the subscri-

bers are justly indebted to John S. Fillmore, upon a certain promissory note, bearing even date herewith, payable two months after the date thereof, to J. S. Fillmore or order, at the Farmers' & Millers' Bank, for the sum of eight hundred dollars, with interest at the rate of ten per cent. per annum until paid, after due.

Now, therefore, in consideration of the premises, we do hereby make, constitute and appoint George W. Lakin, or any attorney of any Court of Record, to be our true and lawful attorney, irrevocably for and in our names and stead to enter our appearance before any Court of Record, in term time or in vacation, in any of the States or Territories of the United States, at any time after the said note may become due, to waive the service of process, and confess a judgment in favor of the said J. S. Fillmore or his assigns, upon the said note, for the above sum, or for as much as shall appear to be due, according to the tenor and effect of said note, and interest thereon at the rate of ten per cent. per annum after due, to the day of the entry of said judgment, together with costs; and also to file a cognovit for the amount that may be so due; and to release all errors that may intervene in entering up said judgment, or in issuing the execution thereon.

Hereby ratifying and confirming all which our said attorney may do by virtue hereof. Witness our hands and seals at Milwaukee, this — day of —— A. D., 185-,

In presence of        L. L. LEE, (L. S.)

                    M. STEEVER, (L. S.)

In the complaint filed, the plaintiffs are named as Thomas T. Reeve and *Gilbert* W. Roe; and the judgment is entered in favor of Thomas T. Reeve, and *George* W. Roe. The reverse is, doubtless inadvertently, stated in the opinion.) The final judgment is, that the plaintiffs "do have and recover from the said defendants the sum of," &c.; said Marcellus Lee being one of the defendants to the complaint, but for whom no appearance was entered,

Vol. VI.            11

*Lakin & Steever*, for appellants, made the following points:

The judgment as it stands upon the record in favor of Thomas T. Reeve and George W. Roe, is void because of its variance with the judgment roll on file in the case, in which Thomas T. Reeve and Gilbert W. Roe are made plaintiffs.

The judgment is void as against Marcellus Lee who is made a party defendant in this suit, without any summons being issued or served upon him, and without notice to him or appearance entered by him, the said judgment is placed upon the record in vacation, and his property encumbered with it. Code, Sec. 32, 33 and 34.

The warrant of Attorney is not such an instrument as is contemplated by the statute, because it contains within itself the evidence of debt or demand, and *is not distinct* either in law or fact from the evidence of the demand for which judgment is confessed, but is essentially a part and parcel of the same. Rev. Stat., 535, § 13.

The language in the warrant of Attorney to Geo. W. Lakin, "or any attorney of a Court of Record," is too vague and uncertain to constitute D. Corson, Esq., the attorney for the defendants in the absence of any act of recognition on their part to bind them and their property by his acts. 2 Kent, 614, 615. Story on Agency, 157–145.

*Butler, Buttrick and Cottrill*, for respondents.

I. The error in the name of the plaintiff Roe, in writing his first name as GEORGE and again as GILBERT, is not such an error as is the subject of appeal. It is a mere clerical error on the part of the attorney who drew the papers, and the appellants certainly cannot have been prejudiced by it.

II. The entry of the clerk in the appearance docket, which is in fact a mere book of entries from which the judgment could be made up, was not the rendition of a judgment by the court against Marcellus Lee. It was a mere *entry* by the *clerk*—not a *judgment* by the *court*. The judgment roll, signed by the Judge, is all that contains any actual judgment against any of the appellants. But conceding that there is a

judgment in form, against Marcellus Lee; it is insisted that, before taking an appeal to this court, he should have applied to the court below to have the necessary corrections made in this behalf. There can be no doubt of the power of the court to correct this error. This court decided in *Hill vs. Hoover*, 5 Wis., that it had power to correct its own records, even after the term at which the entry was made. But the Code, sec. 81, expressly gives to all the courts the power to make corrections of this kind.

This Court does not sit to correct mere clerical errors, which might be corrected in the Court below on motion ; but rather it is the province of this court to correct *substantial* errors, which can only be remedied by resorting to it, as a last resort. *Colden vs. Knickerbacker*, 2 Cowen, 41 ; *Hughes vs. Stickney*, 13 Wend. 282.

III. It is a sufficient answer to the points made by the appellants, that the defendants below have never had their day in court, and that the warrant of attorney filed was given to George W. Lakin without any power of substitution, to say that the warrant of attorney authorized Geo W. Lakin *or any attorney of any court of record, to appear*, &c., and that an appearance in all respects pursuant to the terms of the warrant, was entered by the defendants, Lewis L. Lee and Mitchel Steever.

The warrant was framed according to the universal practice of framing such instruments in this State, as well as in accordance with precedents given in the books. 2 Chitty's Gen. Practice, 333 ; 3 Chitty's Gen. Practice, 669 ; 2 Ch. Gen. Pr., 333 and 334 ; 3 Ch. Gen. Pr., 669 ; *Rabe vs. Heslip*, 3 Barr., 139 ; 2 Burrill's Pr., Chap. IV, page 239.

*By the Court*, COLE J. There is manifestly a variance between the names of the plaintiffs, as set forth in the complaint, and in some of the subsequent proceedings in this cause. In the complaint the plaintiffs are named as Thomas T. Reeve

and George W. Roe, while the judgment is in favor of Thomas T. Reeve and Gilbert W. Roe. This is a mistake which the Circuit Court would have an undoubted right to correct on a proper motion, but we do not think we have any authority to correct it. And it must be very obvious that it is for the interest and safety of all parties that the mistake should be corrected in the records of the Circuit Court. We therefore deem it advisable and proper to reverse the judgment and send the case back to the Circuit Court, to give that court an opportunity of correcting the irregularity in the premises. The other objections taken by the counsel for the appellants are sufficiently noticed in the case of Haertell against these same parties, decided the present term.

Judgment of the Circuit Court reversed and cause remanded for further proceedings.