## ROYAL  HOUGHTON, Respondent,

*vs.*

## JAMES  KNEELAND, Appellant, impl'd. with  SAMUEL S.  MARINER, *et al.*

APPEAL  FROM  MILWAUKEE  CIRCUIT  COURT.

H. Commenced suit against K. and L. for the foreclosure of a mortgage given by them to H. Previous to the suit, L. conveyed to M., and afterwards M. re-conveyed to L., the latter conveyance unrecorded. H. amended his bill making M. a party, and discontinued as to L. Pending the suit, L. died. *Held* that the heirs of L. were not indispensable parties.

*Held,* also, that K. could not avail himself of such objection after his default and final decree against him.

*Held,* also, that objection for want of parties by a defendant, should be accompanied with a statement of the alleged proper or necessary parties.

It is no objection that a notice of *lis pendens* is filed in the Register's office before the complaint is filed in the office of the Clerk of the Court. It is sufficient if it be on file, and so remain at the time required by the code.

One party, defendant in a final decree of foreclosure, taken against him by default, cannot object to the validity of the same, as against him, on account of an alleged defect in the publication of notice to bring in a co-defendant

Action for the foreclosure of a mortgage. The facts are sufficiently stated in the opinion of the court.

*Jason Downer* for the appellant, made the following points:

1. The appellant contends that the executor or administrator and heirs of Allison Lewis, deceased, are not only *necessary* but *indispensable* parties.

The general rule is, ' that however numerous the persons interested in the subject of a suit, they must all be made parties plaintiff or defendant in order that a complete decree may

be made; it being the constant aim of a court of equity to do complete justice by embracing the whole subjects; deciding upon and settling the rights of all persons interested in the subjects of the suits; to make the performance of the order perfectly safe to those who have to obey it and to prevent future litigation." *Caldwell vs. Daggart.* 4 Pet., 190; *Armstrong et al. vs. Pratt*, 2 Wis. Rep., 306; Story's Eq. Pl., §§ 159, 162, 169, 172, 173.

2. The discontinuance and amendment without notice to Kneeland, so that he could have an opportunity to make an objection, were irregular, and contrary to the rules and practice of the court.

3. Mariner, the defendant, is not even before the court. The affidavit of the publication to bring him before the court being made by the *book-keeper* of the Sentinel, and not by the *printer* or *foreman*, as required by statute, is no evidence of publication. *Hill vs. Hoover*, 5 Wis., 354.

The plaintiff has then in fact proceeded to final judgment with Kneeland and wife alone of all the parties defendants before the court. Was there ever a more defective proceeding?

4. The notice of *lis pendens* was filed in the Register's office several days before the complaint was filed in the office of the clerk, and of course was invalid. Code, sec. 37.

5. The judgment is for too much. The last installment of the debt is included in the judgment, though it is not due.

*Brown & Ogden*, for Respondent:

1. When one of two joint obligors or debtors dies, the right of action of the obligee is against the survivor alone; and the executors or administrators of the deceased cannot properly be co-defendants in the action. *Goodson vs. Good's Adm'x*, 6 Taunton, 587; *Calder vs. Rutherford, et al.*, 3 Brod. & Bing., 302; *Waters vs. Riley*, 2 Har. & Gill.; 3 Bacon Abr.,

697; 2 Vernon, 97; *Goelet vs. McKinstrey*, 1st Johns. Cases, 403; *Hogg's Ex. vs. Ashe*, 1 Hayw., 477.

Kneeland, therefore, by the death of Lewis, became solely liable for the debt.

2. As the facts appeared to the court at the time of the decree, Kneeland had confessed the execution of the bond and mortgage, and by the death of Lewis was solely liable for the debt. Lewis' estate had no interest in the mortgaged premises, and Mariner, the grantee of Lewis, was before the court; all parties in interest in the controversy were parties to the suit. Neither Kneeland nor Mariner had objected to the decree or suggested want of parties; neither of them had taken the trouble even to appear in the case so as to entitle him to notice. Code, sec. 317.

3. Had Mariner himself appeared and moved to set aside for want of proper proof of publication, the plaintiff on a rule to show cause, could have supplied the proofs; certainly Kneeland could not be in a better condition than Mariner. *Hill vs. Hoover* 5 Wis. The proof of publication as to Mariner was good. Code, § 43.

4. The object of filing a *lis pendens* is to give notice to persons not parties to the suit of its pendency and objects; the Code only so far changes the rule as it existed before, as to deprive the filing of the complaint of its character of *constructive* notice and make the *lis pendens* necessary for that purpose. The want of a proper notice constitutes no objection to a judgment on the part of an actual defendant, nor does it constitute a ground of error. Code, §§ 37, 319; 2 Monell, 221.

5. In this case, the notice of *lis pendens* was filed on the 22d day of September, A. D. 1857, according to the provisions of the Code.

As to that branch of the case having reference to the appeal from the order overruling the motion to vacate the judgment:

1. The vacating of a judgment (except when the statute provides for it) or setting aside of a default, is always a matter of favor; and not a matter of right as to a party bound by the judgment. Such application should be made at the same term, and not, as in this case, after a term has intervened.

2. The grounds of the motion are two fold: 1st, *irregularity* in the proceedings; 2d, the facts set forth in the affidavit.

The first ground could not be considered on the hearing of the motion, because the defects were not specified.

3. The affidavits were insufficient to form a ground of setting aside the judgment on account of the reconveyance of title. Affiant states that by two certain deeds, bearing date on different days, the defendant, Mariner, conveyed to Lewis the entire property; but it is very evident that about the legal construction of any deed there may be great difference of opinion. He does not say whether the deed was signed by Mariner or his attorney, nor does he state the contents of the deed.

4. Every alienation pending litigation is a nullity so far as it affects the rights of the litigating parties; the only exception is created by the Code in requiring a *lis pendens* to be filed with the Register, in order to operate as a *constructive* notice. In this case, the conveyance (if any) was to a party in the suit from another party, and consequently there was *actual* notice to Lewis of the pendency of the suit, and the rights of the plaintiff were in no respect affected by the change. This point is made independently of the *lis pendens* which was filed. 15 Barb., S. C. R., 520.

5. Kneeland being legally liable to pay the whole debt, claims in the affidavit accompanying his motion, that other persons should be made parties, but he does not give us the names; he does not even state that there were executors or administrators. As a fact, we believe that the executors have not been qualified to act, or the will proven up to this day.

It is a rule, even in a plea in abatement, (which is of right, and not, as in this case, a favor,) that the pleader, by stating names, must give the plaintiff a better writ.

6. An appeal is not given by the Code from the refusal to allow this motion. Code, § 239.

7. An appeal cannot be taken from a final judgment and from an order after judgment. The two are entirely different in their nature, and require a double judgment in the supreme court. This cannot therefore be considered as bringing up the order.

*By the Court,* COLE J. This action was brought to foreclose a mortgage, given by James Kneeland and wife, and Albion Lewis and wife, to the respondent, to recover the payment of a bond, which was made and executed by Kneeland and Lewis, in the penal sum of twenty-eight thousand dollars, conditioned for the payment of $4,766 66, on the 1st of September, 1856, on the 1st of September, 1857, and on the 1st of September, 1858, with interest. Default was made in the payment of the instalment falling due September 1st, 1857, and on the 19th of that month the action was commenced, by serving the complaint and summons on all the defendants except Mariner. The complaint stated that he, Mariner, had some interest in the mortgaged premises, which had accrued subsequent to the giving of the mortgage; and, as he was a non-resident, steps were take to bring him before the court by publication, &c. On the 16th of January, 1858, the respondent asked and obtained leave of court, to amend his complaint, by suggesting the death of Lewis, and alleging that Lewis, in his life-time, conveyed his interest in the premises, to said Samuel S. Mariner, and that Mariner then owned said interest, and also discontinued his suit as to the

defendant Lewis. At the same time, an order of reference was taken to compute the amount due on the mortgage ; the report of the referee was duly made and confirmed, and a judgment of foreclosure and sale entered, directing the sale of certain portions of the mortgaged premises, and for a personal judgment against Kneeland, for the deficiency, if any such there should be.

On the 8th of February following, Kneeland moved, upon certain affidavits, in the circuit court, to vacate and set aside the judgment, because:

1. The heirs and representatives of Albion Lewis, deceased, were necessary parties to the action and were not before the court.

2. No notice of the pendency of the action was filed in the office of Register of Deeds, after the filing the complaint in said action, according to the statute in such case made and provided.

3. The judgment and proceeding in the action were in other respects irregular and informal.

This motion was founded upon the affidavits of the appellants, Kneeland and Ephraim Mariner, the former of whom, in substance, deposed in his affidavit, that Lewis, who was originally a defendant, died on or about the 24th of October, 1857 ; and that Samuel Mariner, one of the defendants, did, by two deeds, one bearing date September 9th, 1857, the other dated October 13th, 1857, reconvey the lands to Lewis, which Lewis had previously conveyed to said Mariner ; and that he was informed that under the judgment of foreclosure, the purchaser at said sale, would only acquire title to but one-half of the mortgaged premises ; also that he was informed the judgment was void, because the personal representatives of Lewis were not made parties to the suit at the time the same was entered ; that the mortgage was given to secure a part of the purchase money of the mortgaged premises, which

were purchased by him and Lewis, each owning one-half thereof; and that one-half of the amount due, on the mortgage should be paid by the representatives of Lewis; and that such representatives or heirs of Lewis, were necessary parties to the action, and that great injustice would be done him unless the judgment of foreclosure was vacated and set aside; and they made parties to the suit, &c. The affidavit of Ephraim Mariner stated that the deeds, mentioned in Kneeland's affidavit, were made by him, as attorney in fact, to Lewis, at or about the time of their respective dates, and that he had power and authority to execute the same for Samuel S. Mariner. The circuit court refused to set aside the judgment, and denied the motion made for that purpose. From the order of the circuit court refusing to set aside the judgment itself, the appellants brought their appeal to this court.

The first inquiry which now presented itself is, whether the personal representative, or heirs of Lewis, were indispensable parties to the foreclosure suit? We are of the opinion they were not. The mortgage could be foreclosed as to Kneeland without bringing them before the court. Had Kneeland appeared in time, and raised his objection, that all the parties interested in the subject matter of the litigation were not before the court, suggesting who were the personal representatives of Lewis, the court might properly have directed them to be made parties. But he took no such step in the cause until the respondent has discontinued his suit as to Lewis, and the judgment of foreclosure had been entered. And even then in making his application to the court, to vacate the judgment, and to order the personal representatives to be brought in, he does not disclose who such representatives were. The respondent could not know anything about the existence of the deeds from Samuel S. Mariner to Lewis, at the time he obtained his judgment, since those deeds were not put

Houghton vs. Mariner.

upon record until the 6th of February after the judgment was entered, and just before the application to vacate the judgment was made. At the time the action was commenced and up to the discontinuance of the suit, as to Lewis, the title of record was in Kneeland and Mariner. It was certainly a little singular that these deeds did not find their way upon the record until after the judgment. Whether they were kept off the record for the purpose of misleading the respondent as to the real condition of the title, or whether by oversight, we have no means of determining. But at all events they were not recorded until the respondent had seen fit to waive the relief to which he might have been entitled as against the personal representatives or heirs of Lewis, and look to the interest of Kneeland alone in the premises, to satisfy his judgment.

Under these circumstances we do not think the appellant Kneeland has any right to complain.

Again it appears that the notice of the pendancy of the suit was filed in the Register's office, several days before the complaint was filed in the office of the clerk of the court, and it is contended, that because it was thus filed before, instead of being filed simultaneously with or after the complaint was filed, that it is invalid by § 37, of the code. It is not pretended but that the notice of *lis pendens* was filed for more than twenty days before the judgment was entered. It was in fact, filed on the 22d day of September, and the circumstance that it was on file before the complaint, cannot destroy its legal affect. The object of filing the *lis pendens* is obviously for the purpose of giving notice to purchasers of the property, of the pendency of the action. Suppose the plaintiff files this notice when he commences his suit, is it not as sufficient as though filed a few days thereafter? Most certainly.

A still further objection has been taken to the sufficiency of

the proof of publication of notice, to Mariner. If that proof was defective it was not a matter of which Kneeland could take advantage.

We think the circuit court properly refused to set aside the judgment of foreclosure, and the order overruling the motion for that purpose, as well as the judgment of foreclosure and sale, must be affirmed.