## BOYD *vs.* WEIL et al.

### APPEAL FROM CIRCUIT COURT, WASHINGTON COUNTY.

Heard January 12.]                    [Decided May 4, 1860.

### *Irregularity—Practice—Lis Pendens.*

An irregularity in entitling a summons, &c., in the wrong county, or in a case of default, that the affidavit does not state that the defendants were not infants, or absentees, nor any proof of the filing of a *lis pendens*, is not such an irregularity as will vitiate the judgment, or reverse it on appeal.

Boyd vs. Weil et al.

The case of *Reeves vs. Roe*, 6 Wis., 80, considered and distinguished.

The purpose and object of filing the *lis pendens*, manifestly is to give notice to persons not parties to the suit of foreclosure of the pendency of the same, and to make it operate as constructive notice to any one who may become interested in the property during litigation.

The facts in this case are sufficiently stated in the opinion of the court.

*Thorp & Shelley*, for the appellants.

*N. J. Emmons*, for the respondent.

*By the Court*, COLE, J.   This was a judgment by default obtained in the circuit court of Washington county, on foreclosure of mortgage given· by the appellants.   The summons and complaint were served by leaving copies of the same at the residence of the appellants' at Milwaukee.   The cause proceeded to judgment.   It is now insisted that this judgment should be reversed, on account of several irregularities. manifest upon the record.   It is objected that there was no proper proof of due service of the summons; that the affidavit of the service of summons was entitled in the " Circuit court of Milwaukee county;" contained erasures, &c.; that the judgment is also entitled in the "Circuit court of Milwaukee county;" that there is no affidavit showing whether the defendants, or either of them, were infants or absentees; and that there was no proof of the filing of notice of the pendency of the action in the office of the register of deeds of Washington county, where the mortgaged property is situated.   It must be admitted that this record is not a model of correct practice in the entitling of papers, &c., but still we do not think any of the irregularities complained of affect the substantial rights of the appellants, and they are therefore to be disregarded.   Sec. 40, chap. 125, R. S., 1859.   These defects can be remedied on motion in the court below.

It is suggested that the irregularities in this case are as substantial as the one complained of in the case of *Reeves vs. Roe*, 6 Wis., 80. But we do not think so. Besides, in that case the original judgment roll was sent up to this court, and consequently we could not well understand how the circuit court could correct the error which had intervened in the proceedings without having the papers remitted to that court. It therefore appeared to be the readiest way to correct the error, which it was for the interest of all parties, should be corrected, to reverse the judgment and send the cause back to have the amendment made in the records of the circuit court. The irrugularities complained of in this case in the entitling of the papers, are merely clerical, and could not either mislead or affect the substantial rights of the appellants. The cause was commenced in the circuit court of Washington county, and all the papers clearly showed that the judgment was rendered in that court. The mere fact that the blank for judgment of foreclosure, and that the affidavit of service of summons were wrongly entitled, should be disregarded in this court.

Neither do we think the judgment should be reversed because the proof of filing the proper notice of the pendency of the action was not made, or does not appear upon the record. What that proof was does not satisfactorily appear. If it was only the letter of the register of deeds which has been returned with the papers in the cause, it may admit of great doubt whether this was sufficient to show that notice of *lis pendens* had been filed. But still, we do not think the judgment would be void as to the appellants if there had been no proof of filing notice of the pendency of the action in the proper office. The purpose and object of filing the *lis pendens* manifestly is, to give notice to all persons not parties to the suit of the pendency of the same, and make it operate as constructive notice to any one who may become interested in the property

during the litigation. But we can see no good reason for holding that the judgment is void as to the mortgagors, because this notice was not filed, or proof thereof not duly made to the circuit court. *Houghton vs. Marriner,* 7 Wis., 244; *Potter vs. Rowland,* 4 Selden, 448; *Curtis vs. Hitchcock,* 10 Paige, 399.

The judgment of the circuit court is therefore affirmed.