June Term, 1861.

SPRAGGON et al v. McGREER.

---

SPRAGGON and another vs. McGREER.

| 14 | 439 |
| 75 | 308 |

Where the notice of *lis pendens* filed in a foreclosure suit fails to describe correctly the mortgaged premises, the mortgagor, against whom judgment has been rendered for want of an answer, is entitled to have the judgment set aside upon an affidavit or other proper proof showing that defect.

*Manning v. McClurg, ante* p. 350, followed.

APPEAL from the Circuit Court for *Portage* County.

This was an appeal from an order of the circuit court refusing to set aside a judgment, taken by default, foreclosing a mortgage executed by the defendant. The affidavit of the defendant upon which the motion was based, showed, among other things, that the notice of *lis pendens* filed in the action did not correctly describe the mortgaged premises.

*Hanchett & Raymond*, for appellant.

*Park & Sharpstein*, for respondents.

*By the Court,* PAINE, J. Notwithstanding what was said in the case of *Boyd vs. Weil*, 11 Wis., 58, on the subject of filing a notice of *lis pendens*, we have at the present term, in *Manning vs. McClurg*, held that a failure to file such notice properly, is a defect of which the mortgagor may take advantage. We there held that under our statutes the proof of the filing is no part of the record, and that where the judgment recited that proper proof was given, it could not be reversed unless it appeared of record that it was not so. It follows that in such cases, unless the mortgagor is present and objects to the proof and makes his objection and the proof offered a part of the record, the proper way for him to take advantage of the defect, is to move to set the judgment

December 11.

aside, on showing the facts, as was done in this case. The affidavit showing that the *lis pendens* which was filed did not describe the lands mentioned in the mortgage, it is as though no notice at all was filed, and the judgment ought to have been set aside for that reason.

The order denying the motion is reversed, with costs, and the cause remanded for further proceedings.