## STUNTZ vs. TANNER.

*September 29 — October 14, 1884.*

PRACTICE: SERVICE OF SUMMONS. *(1) Order for publication when conclusive. (2) Service out of the state. (3) Failure to serve on one defendant: Jurisdiction as to others.*

1. Under sec. 17, ch. 124, Tay. Stats., an order of publication is itself conclusive evidence in any collateral proceeding that it was granted upon sufficient grounds.
2. After an order for the publication of the summons had been made under sec. 12, ch. 124, Tay. Stats., in an action to foreclose a tax deed, a summons was published requiring the defendants to answer the complaint "which *will be* filed in the office of the clerk," etc. A summons requiring the defendants to answer the complaint "a copy of which is herewith served upon you," was also served personally, with a copy of the complaint, out of the state, upon a nonresident defendant. In a collateral proceeding, *held*, that the latter service gave jurisdiction as to such defendant.
3. One defendant in an action to foreclose a tax deed cannot dispute the validity of the judgment as against him on the ground that his co-defendants were not properly served with process.

APPEAL from the Circuit Court for *Ashland* County.

Ejectment. The lands had been sold for taxes. The plaintiff, *George R. Stuntz*, was the original owner. The defendant, *Sumner W. Tanner*, claimed under the tax deed.

Upon the trial the defendant introduced in evidence the judgment roll in an action brought by him under ch. 22, Laws of 1859, against the plaintiff herein, *George R. Stuntz*, and John H. Stuntz and Albert C. Stuntz, for the purpose of barring their title as the original owners or persons claiming an interest in the lands. This roll contained, among other things, an affidavit for publication of the summons, dated January 15, 1877, stating that a copy of the summons was annexed, but not stating that the complaint had been filed. The summons annexed to this affidavit was in the form prescribed by sec. 3, ch. 124, R. S. 1858, and required the

defendants "to answer the complaint of *Sumner W. Tanner*, a copy of which is herewith served upon you," etc. The judgment roll also contained an order for publication, dated January 16, 1877, directing that "the summons herein" be served upon the defendants *George R. Stuntz* and John H. Stuntz by publication, etc.; also the complaint, which was filed January 20, 1877; also the printer's affidavit of publication of the summons, such publication beginning on January 20, 1877. The summons annexed to the last-mentioned affidavit differs from that above mentioned in that it requires the defendants " to answer the complaint of *Sumner W. Tanner*, the plaintiff in this action, which will be filed in the office of the clerk of the circuit court," etc.

The judgment roll also contained a third summons in the form first above mentioned, with proof that the same had been served, together with the complaint, upon *George R. Stuntz*, at Duluth, Minnesota, on the 18th of June, 1877.

Other facts will appear from the opinion. The circuit court held that the judgment in the action to bar the original owners was valid, and rendered judgment accordingly in favor of the defendant. The plaintiff appealed.

For the appellant there was a brief by *Miles & Gleason*, and oral argument by *Mr. Miles*. They contended, *inter alia*, that the service on *George R. Stuntz*, in the action to bar his title, was insufficient. Service out of the state without an order of publication would be of no validity. *Weatherbee v. Weatherbee*, 20 Wis. 499. And if the order upon which such service rests is invalid, the same rule should apply. The order in this case did not set out the summons or refer to it in any manner so as to identify it. It does not appear which of the three summonses was ordered published. The order may have referred to a fourth and entirely different summons which was not filed. The order should set out the summons or identify it. *Rawdon v. Corbin*, 3 How. Pr. 416; *Vernam v. Holbrook*, 5 id. 3; *Evartson*

*v. Thomas*, id. 45. But if the order did refer to either of the summonses in the record it is void for the reason that none of them complied with the statute then in force. Tay. Stats. 1430, § 12. That statute required that in all cases where publication was made the complaint should be first filed, and the summons published should state the place of such filing. The service on this plaintiff and on John H. Stuntz by publication was void for the reason that the summons did not state where the complaint was filed. Statutes dispensing with actual personal service will be strictly construed. *Pollard v. Wegener*, 13 Wis. 569; *Knox v. Miller*, 18 id. 397; *Northrup v. Shephard*, 23 id. 513; *Matteson v. Smith*, 37 id. 333; *Anderson v. Coburn*, 27 id. 558; *Likens v. McCormick*, 39 id. 313.

For the respondent there was a brief by *Tomkins & Merrill*, and oral argument by *Mr. Tomkins*. To the point that defects in the proofs of service as to his co-defendants did not affect the jurisdiction so far as *George R. Stuntz* is concerned, they cited: *Houghton v. Kneeland*, 7 Wis. 244; 10 Wheat. 166; 7 Peters, 263; *Voorhis v. Gamble*, 6 Mo. App. 1; *Buffum v. Ramsdell*, 55 Me. 252; *Chester v. Miller*, 13 Cal. 561.

ORTON, J. This is an action of ejectment. The plaintiff had the original title, and the defendant claimed by tax deed, which by reason of defects in the antecedent tax proceedings, was, as title, at least questionable. These defects need not be noticed, as the defendant relied principally upon the foreclosure of the tax deed in equity under the statute, and in respect to such foreclosure the question was whether the court acquired jurisdiction in the case. If the court acquired jurisdiction, then, of course, such judgment is conclusive against the plaintiff's title. The defendant in that case is the plaintiff in this, and was then a nonresident; and an order was procured for the publication of the summons under

sec. 12, ch. 124, Tay. Stats. It is objected that the order of publication was on insufficient grounds. That question is concluded by the order itself, by sec. 17 of said chapter, as follows: " All orders of publication heretofore or hereafter made under sec. 10, chapter 124, of the Revised Statutes, shall be evidence that the court or officer authorized to grant the same was satisfied of the existence of all the facts requisite to the granting of such order or orders, and shall be evidence of the existence of such facts."

It is further objected that the publication was insufficient for several reasons, and that the summons was insufficient also in not stating where the complaint is filed. After the order of publication was procured, the summons, referring to the complaint as herewith served, was served upon the defendant out of the state. Subd. 5 of sec. 12 of the above chapter provides that " when the publication is ordered, personal service of a copy of the summons and complaint out of the state shall be equivalent to publication and deposit in the post-office." The judgment of foreclosure in that case is here attacked collaterally, and that mere irregularities cannot be urged against it if the court acquired jurisdiction is an elementary principle.

Objection is made, also, that no proper service was made upon the other defendants in the case. Any such defect cannot affect the plaintiff in this case, and he cannot take advantage of it. *Houghton v. Kneeland*, 7 Wis. 244. That judgment was clearly valid as to this plaintiff and a bar to this action, as well as establishing the title of the defendant to the premises in dispute.

*By the Court.*— The judgment of the circuit court is affirmed.