ASHLAND NATIONAL BANK, Respondent, vs. GREGORY and others, Appellants.

*November 6 — November 24, 1896.*

*Executions: Amending return: Collateral attack: Evidence.*

An order allowing a sheriff to amend his return on an execution cannot be attacked in an action on a note given as collateral to the note upon which the judgment and execution were based, unless the court was without jurisdiction to make the order or render the judgment. Evidence that the original return was correct and the amended return incorrect was therefore inadmissible.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

The case is stated in the opinion.

For the appellants there was a brief by *Silverthorn, Dillon & Haagenson,* and oral argument by *W. V. Silverthorn.*

For the respondent the cause was submitted on the brief of *A. R. Dixon.*

CASSODAY, C. J. This action is to recover $450, with interest at ten per cent. from January 17, 1890, as a balance due upon a promissory note dated October 14, 1889, executed

by the defendant *James T. Gregory* as maker, and indorsed by the other defendants, for $1,500, payable ninety days after date, with interest after maturity. The answer is to the effect that the note was given without consideration, and to be used as collateral security for a loan to be made by the plaintiff to the Ashland Driving Park Association; that November 22, 1889, the Ashland Driving Park Association made its judgment note for $1,500, due one day after date, with interest at ten per cent., payable to the plaintiff's cashier, reciting therein that the association had deposited with the plaintiff the note in suit as collateral security for the payment of the judgment note; that December 3, 1889, judgment was entered upon the judgment note against the association for $1,510.30, and the same was docketed December 4, 1889; that February 21, 1890, an execution was issued on that judgment, and that it appeared from the sheriff's return thereof that he had collected thereon $549.25, and paid the same to the plaintiff April 19, 1890; and that such payment, with the others admitted to have been made, fully paid and satisfied the note in suit. Upon the trial it was made to appear, upon showings and hearing had by the respective parties, that an order was made by the circuit court, January 11, 1896, in the matter of said execution, to the effect that leave was thereby given to the sheriff who made such return to make and file an amended return therein according to the facts; that in pursuance of that order the said sheriff did, on the day and year last mentioned, make and file his amended return, to the effect that although he levied said execution on the land described, and advertised and offered the same for sale to the highest bidder, and accepted a bid of $549.25 therefor, yet that no money was paid upon the sale, and no further proceedings were had under that execution, and that he thereby returned the same unsatisfied; that thereupon, and on the same day, and upon such showings and hearing and amended return, the

circuit court entered therein an order to the effect that said judgment, execution, and sheriff's sale be, and the same were, thereby vacated and set aside. At the close of the trial the court, in this action, directed a verdict in favor of the plaintiff for $715.33. From the judgment entered in favor of the plaintiff upon the verdict returned according to such direction, with costs, the defendants bring this appeal.

It is contended that the court improperly allowed the sheriff to amend his return so as to show that the $549.25 had never been paid or collected, and then improperly vacated and set aside the judgment, execution, and sheriff's sale. It is enough to say that, however irregular that order may have been, it cannot be questioned or impeached collaterally in this action. *Jackson v. Astor,* 1 Pin. 137; *Vilas v. Reynolds,* 6 Wis. 214; *Stuntz v. Tanner,* 61 Wis. 248; *Stein v. Benedict,* 83 Wis. 603. The only exception to the rule is where the court making the order or rendering the judgment is without jurisdiction. The evidence offered to prove that the original return was correct, and the amended return incorrect, was properly rejected, for the reasons given. There is no pretense that any payments were made which were not allowed in this action, except as so shown by the sheriff's original return.

*By the Court.*— The judgment of the circuit court is affirmed.