## ERWIN VS. LEWIS, imp.

*Recording Act.*

After a mortgage of land for the purchase money was executed and delivered, but before it was recorded, the mortgagor conveyed to A., who took with knowledge of the mortgage, and immediately recorded his deed. After the mortgage was recorded, A. conveyed to L., who took without knowledge that A. was a fraudulent grantee. *Held*, that L. took subject to the mortgage, under the recording act. (Sec. 25, ch. 86, R. S.) *Fallass v. Pierce* (30 Wis., 443), followed.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action to foreclose a mortgage executed by the defendant Crow to one White, December 1, 1869, to secure the payment of a part of the purchase money for the mortgaged premises. The mortgage was duly assigned to the plaintiff. On the 21st day of the same month, and before the mortgage was recorded, Crow conveyed the mortgaged premises to one Ackerman, who recorded his mortgage on the same day. Ackerman knew of the existence of the mortgage to White when he took such conveyance. White recorded his mortgage on the next day. Ackerman conveyed the premises to the defendant *Christina Lewis* by deed of warranty on the first day of January following, which deed was recorded on the third day of the same month. *Mrs. Lewis* paid a valuable consideration for the mortgaged premises. The circuit court gave judgment dismissing the complaint as to her, for the reason that, although when she purchased the premises she was chargeable with notice of the existence of the mortgage in suit, she did not know that Ackerman, her grantor, was a fraudulent grantee of the premises. From this judgment the plaintiff appealed.

*N. C. Giffin,* for appellant, cited *Jackson v. Post,* 15 Wend., 588; *Van Rensselaer v. Clark,* 17 id., 25; *Fallass v. Pierce,* 30 Wis., 443.

*Coleman & Thorp,* for respondent. [No brief on file.]

Eaton vs. Woydt.

LYON, J. The judgment of the circuit court cannot be sustained. Ackerman was not a *bona fide* purchaser of the mortgaged premises, and the conveyance by Crow to him did not vest in him a title thereto paramount to the mortgage. The recording of the mortgage before the conveyance to *Mrs. Lewis* was recorded, gave the mortgage priority over such conveyance, and it is entirely immaterial that she did not know that her grantor was not a *bona fide* purchaser of the premises. When she found the mortgage on record, which is of older date than the deed to Ackerman (although the deed was first recorded), this was sufficient to put her upon inquiry as to whether he was a *bona fide* purchaser for value. After the recording of the mortgage she purchased at her peril. Had her grantor been a *bona fide* purchaser for value, she would have held the premises by a title paramount to the mortgage. But her grantor not being a *bona fide* purchaser, her title is subordinate to the mortgage. It was so held in *Fallass v. Pierce*, 30 Wis., 443, which case is conclusive of the question here involved. The plaintiff is entitled to a judgment of foreclosure against both defendants.

*By the Court.*— The judgment is reversed, and the cause remanded for further proceedings according to law.