## JEWETT *et al.* v. DOWNS *et al.*

A debtor in failing circumstances may pay or secure one creditor to the exclusion of others. Comp. Laws, § 4654. Manufacturing Co. v. Max, (5 S. D. 125) 58 N. W. 14, followed, which overrules Straw v. Jenks, 43 N. W. 941, 6 Dak. 414.

(Syllabus by the Court. Opinion filed Sept. 1, 1894.)

Appeal from circuit court, Miner county. HON D. HANEY, Judge.

Action for an injunction, for a receiver, and to declare a certain chattel mortgage and bill of sale fraudulent, and in effect to be a general assignment. From a judgment for defendants, and from an order denying a motion for a new trial, plaintiffs appeal. Affirmed.

The facts are stated in the opinion.

*Farmer & Farmer* and *J. W. Jones,* for appellants.

An insolvent debtor cannot prefer one creditor to another. White v. Cotzhansen, 129 U. S. 329; Straw v. Jenks, 43 N. W. 941; Wyman v. Mathews, 53 Fed, 678.

*C. A. Crissey* and *A. E. Chamberlain,* for respondents.

In order to make an assignment the debtor must appoint a trustee, turn over to him property to be held by him in trust for the benefit of all his creditors and of himself after his cred-

itors' claims have been satisfied. Burrill Assign. 2; Wiener v. Davis; 18 Pa. St. 333; Bish. Insol. 130; Dixon v. Rasson, 5 O. St. 222; Cribb v. Hibbard, 46 N. W. 168; Michelstetter v. Weiner, 52 N. W. 435; Greene v. Marshall, 39 N. W. 767; Schroder v. Walsh, 11 N. E. 70; Farwell v. Nilson, 24 N. E. 74; Brown v. Williams, 51 N. W. 855; Herchiser v. Higman, 48 N. W. 273; Sheldon v. Mann, 48 N. W. 573; Warner v. Littlefield, 50 N. W. 721; Bank v. Potts, 51 N. W. 513; Gage v. Parry, 29 N. W. 822, Mackeller v. Pillsbury, 51 N. W. 222; Dana v. Stanford, 10 Cal. 269. An insolvent debtor may pay some of his creditors in full and others in part or not at all, without the commission of any fraud in law upon those creditors not paid. Landaner v. Victor, 34 N. W. 229; Ingram v. Osborn, 35 N. W. 304; Gage v. Perry, 66 Ia. 605.

FULLER, J. The object of this action was to obtain an injunction, and the appointment of a receiver authorized by the court to take possession of, and distribute for the benefit of creditors generally, a stock of merchandise described in a certain chattel mortgage executed by the defendant Daugherty to to the defendant Downs, and also described in a bill of sale, of even date therewith, executed by said defendant Daugherty to the defendant Oleson, and to procure a decree adjudging the various transactions described in the complaint fraudulent, and in effect to be a general assignment for the benefit of all the creditors of the defendant Daugherty. On the ground that the complaint does not state facts sufficient to constitute a cause of action, an objection to the introduction of any evidence thereunder was made and sustained at the commencement of the trial. From a judgment against the plaintiffs, and in favor of the defendants, for costs, and from an order overruling a motion for a new trial, plaintiff's appeal.

The complaint states, in substance, that the defendant Daugherty was engaged in the retail mercantile business on the 3d day of January, 1893, and prior thereto; that he was in fail-

ing circumstances, and indebted to plaintiffs, for goods, wares, and merchandise, in the sum of $233.83; that said defendant, on the above-mentioned date, executed a chattel mortgage covering his entire stock in trade, valued approximately at $4,000, to secure an indebtedness of $1,460 in favor of defendant Downs, and on the same date sold said property, subject to this mortgage, to defendant Oleson, in satisfaction of a debt of $600; that said Oleson is in possession of said property, and selling the same in the course of retail trade, and is applying the proceeds thereof in liquidation of said mortgage indebtedness; that said Daugherty made and delivered said chattel mortgage and bill of sale for the purpose and with the intent to defraud, hinder, and delay this plaintiff and certain other creditors, by giving to said Downs and Oleson a preference in the collection of their claims; that said goods, wares, and merchandise so mortgaged and sold was all the property of which the said Daugherty was possessed; that he knew himself to be insolvent; and that said fact was at the time well known to defendants Downs and Oleson. Paragraph 8 of the complaint is as follows: "Plaintiffs further allege that, by means of the facts heretofore stated, said chattel mortgage and bill of sale operated in law as an assignment of said goods, wares, and merchandise for the benefit of all the creditors of said C. W. Daugherty, in proportion to their several respective claims, and that said estate has been since the 3d day of January, 1893, and is now, duly and properly assigned and conveyed away by said C. W. Daugherty for the benefit of all creditors, and said estate is entitled to a legal custodian thereof, and should be taken charge of by the equitable powers of this court, and held or disposed of for the joint and mutual benefit of all creditors of the said C. W. Daugherty."

The prayer for relief is in the usual phraseology, and consistent with the views of the pleader, as above expressed. Whether a debtor in failing circumstances can pay or secure

one or more of his creditors, to the exclusion of all other creditors, is the only question presented by this appeal; and as the question has been answered affirmately in Manufacturing Co. v. Max, 5 S. D. 125, 58 N. W. 14, decided at this term upon a similar state of facts, that case must control this decision, and the judgment of the trial court is affirmed.