## NOYES v. BRACE *et al.*

An appellate court will not, for the purpose of reversal, adopt a theory different from that upon which the action was tried in the court below.

(Opinion filed April 16, 1897.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

On rehearing. From a judgment for defendants, plaintiffs appealed. In an opinion reported in 8 S. D. 190, 65 N. W. 1071 the judgment was reversed and a new trial ordered. On this rehearing the former judgment in this court is reversed and the judgment appealed from affirmed.

*Joe Kirby,* for appellant.

*John E. Carland,* for respondents.

HANEY, J.　In its former decision this court assumed that "this is an action in the nature of a creditor's bill," and reversed the judgment of the court below for rejecting evidence tending to show that in September, 1893, defendant Lowry possessed no property liable to levy or sale on execution other than that included in the mortgage which plaintiff, as a judgment creditor of Lowry, was attacking as fraudulent. 8 S. D., 190, 65 N. W. 1071. Treating the action as one in the nature of a creditor's bill, the conclusion of the court was correct; but it is evident from an inspection of the record that such was not the theory upon which the action was tried in the circuit court. The doctrine announced in Straw v. Jenks, 6 Dak. 414, 43 N. W. 941, had not then been disapproved (Manufacturing Co. v. Max, 5 S. D. 125, 58 N. W. 14; Jewett v. Downs, 6 S. D. 319, 60 N. W. 76); and the evidence was clearly offered for the purpose of showing that the mortgage which was executed in 1891, should be regarded as a general assignment, within the principles supposed to be established by the case of Straw v. Jenks, and not for the purpose of showing that plaintiffs had exhausted their legal remedies. Considered in that light, it was properly rejected. It is elementary that appellate courts will not permit a case to be tried on appeal on a different theory than in the court below. Baird v. Woodward (Neb.) 61 N. W. 612; Moquist v. Chapel (Minn.) 64 N. W. 567. This court inadvertently permitted the appellants to present an entirely different theory upon appeal than was presented to the circuit court, and thus reversed the judgment of that court, upon a ground which it never passed upon. This was erroneous. Our former decision is reversed, and the judgment appealed from is affirmed.