### PARRISH *et al.* v. MAHANY *et al.*

1. Where the motion for new trial was made after judgment, and not appealed from, the sufficiency of evidence to justify the referee's finding of fact cannot be reviewed.

2. Where the grantee's agent had once delivered a deed for record, his subsequent unauthorized act in directing a return thereof did not affect its operation as a recorded instrument.

3. The fact that a grantee, immediately upon learning that a deed that had been delivered for record was withdrawn, by the unauthorized act of an agent before being spread in full upon the records, delivered it a second time for record, did not affect its operation as a recorded instrument from the date of its first delivery.

4. Where a register of deeds is not required to pay any fees to the county, he may waive his right to have fees paid in advance and, where he files a deed for record without demanding such payment, he is bound to record it.

5. Where a grantor at different times executed separate deeds to two different persons, to the same property, he who accepts a mortgage, after both deeds are recorded, from the grantee in the deed last executed, but first recorded, has a valid title as mortgagee, as against the grantee of the deed first executed, only if his mortgagor was a *bona fide* purchaser from his grantor, though the mortgagee had no actual knowledge of the deed first executed.

6. In the absence of any finding, the mortgagor will be presumed to be a *bona fide* purchaser.

(Opinion filed Nov. 19, 1897.)

Appeal from circuit court, Hutchinson county. Hon. E. G. SMITH, Judge.

Action to foreclose a real estate mortgage. Defendants had judgment and plaintiffs appeal. Reversed.

The facts are stated in the opinion.

*Gamble & Dillon,* for appellants.

As to the time when a mortgage deed is received and recorded, the certificate of the register is conclusive, as between the mortgagee and a creditor who has attached the mortgaged land subsequently to the time stated in the certificate. Ames v. Phelps, 18 Pick. 314; Tracy *et al.* v. Jenks, 15 Id. 465. Defendant's agent addressed a letter to the register of deeds, directing him that if the deed had not been recorded to withhold it until further orders. This order annulled any effect as to an alleged filing or force it might have as a notice. Brigham v. Brown, 44 Mich. 59; Towne v. Griffith, 17 N. H. 165; Bank v. Cheeney, 87 Ill. 602; Howorth v. Taylor, 108 Ill. 275; Webb on Record of Title § 140; 1 Jones on Mortgages, § 543; Hickman v. Perrin, 6 Caldw. (Tenn.) 135; 1 Devlin on Deeds, § 706; Kaiser v. Heuston, 38 Ill 252; Lawton v. Gordon, 37 Cal. 202; Johnson v. Burden, (Vt.) 94 Am. Dec. 436; Whalley v. Small, 25 Ia. 184; Gwynn v. Turner, 18 Ia. 1; Clamorgan v. Lane, 9 Mo. 446. The deed of Cunningham to Mahany being recorded April 11th 1887, can only be displaced by the defendant showing that Mahany was not a purchaser for value and that he had notice of her unrecorded deed. 1 Jones on Mortgages (4th ed.) § 572; Morse v. Curtis, 140 Mass. 112; Henrickson v. Woolley, 39 N. J. Eq. 307.

*Robert B. Tripp,* for respondents.

The certificate or indorsement that an instrument was filed for record is not an essential part of the filing or registry. 20 Am. & Eng. Ency. Law, 566-7, and cases cited. The right of the register to demand his fees for recording, is personal and may be waived at the time of the receipt of the deed. People v. Bristol, 35 Mich. 32; Lucas v. Claflin, 76 Va. 269; Tregambo

v. Comanche etc. Co., 57 Cal. 505; Wescoatt v. Eccles, 2 Pac. Rep. 525. One claiming the rights of an innocent purchaser must aver and prove, not only that he had no notice of the prior deed, but that he had actually paid the purchase money before such notice. Jewett v. Palmer, 7 John. Ch. 65; Boone v. Chiles, 10 Pet. 212; Landers v. Bolton, 26 Cal. 394; Lloyd v. Lynch, 28 Pa. St. 419; Watkins v. Edwards, 23 Tex. 448; Hawley v. Bullock, 29 Id. 217; Plaintiffs and their assignors were affected with notice of defendant's record of April 14th. Mahany v. Middleton, 41 Cal. 50; Van Rensselaer v. Clark, 17 Wend. 25; Flynt v. Arnold, 2 Metc. 619; Sims v. Hammond, 33 Ia. 68; Webb, Record Title, § 156.

HANEY, J. This action is to foreclose a real estate mortgage executed by the defendants Mahany and wife. Defendant Anna Wright claims to own the realty under a conveyance executed and recorded prior to the execution and recording of plaintiffs' mortgage, and that the mortgage was executed while she was in the sole, exclusive, and notorious possession and occupation of the premises. The action was tried by a referee, whose decision was accepted by the court, and judgment rendered in favor of defendant Anna Wright. A motion for a new trial having been denied, plaintiffs appeal from the judgment.

The motion for a new trial having been made after judgment, and not having been appealed from, the insufficiency of the evidence to justify the referee's findings of fact cannot be reviewed, and the only question demanding attention is whether such findings sustain the judgment. Gade v. Collins, 8 S. D. 322, 66 N. W. 466; Bourne v. Johnson, (S. D.) 71 N. W. 140; Aultman, Miller & Co. v. Becker, Id. 753; Hawkins v. Hubbard, 2 S. D. 631, 51 N. W. 774; Manufacturing Co. v. Galloway, 5 S. D. 205, 58 N. W. 565.

The referee finds: That the plaintiffs' mortgage was executed April 15, and recorded April 19, 1887. That on the last-mentioned date defendant Amos E. Mahany submitted to the

agents of the mortgagees an abstract of said premises, show-
ing transfers and liens of record, as affecting the title to said
premises, which abstract was duly certified to by the said regis-
ter of deeds on said abstract, and also by the clerk of said
court and by the county treasurer of said county, and that said
abstract was submitted, and showed of record a final receiver's
receipt to William C. Reeves, recorded July 18, 1881; a war-
ranty deed from said William C. Reeves and wife to M. T.
Reeves, dated December 4, 1882, acknowledged December 4,
1882, and recorded December 30, 1882; a warranty deed from
Manasseh T. Reeves and wife to Alpha H. Wright, dated April
28, 1883, acknowledged April 28, 1883, and recorded April 30,
1883; a warranty deed from Alpha H. Wright to the defendant
Anna P. Wright, dated November 5, 1883, acknowledged No-
vember 5, 1883, and recorded March 14, 1884; a warranty deed
from Anna P. Wright and husband to the defendand A. E. Ma-
hany, dated March 2, 1885, acknowledged March 2, 1885, and
recorded April 7, 1885; a warranty deed from Amos E. Mahany
and wife to Butler B. Cunningham, dated July 22, 1885, acknowl-
edged July 22, 1885, and recorded August 26, 1885; a warranty
deed from Butler B. Cunningham to the defendant A. E. Mahany,
dated April 2, 1887, acknowledged April 2, 1887, and recorded
April 11, 1887.    That the said mortgagees, through their said
agents, on or about the 23d day of April, 1887, paid to the said
defendant Amos E. Mahany, one of the makers of said note
and mortgage, the full sum of $1,000.    The said pay-
ment was made after an abstract of the title of the premises
described in said mortgage had been duly made, and an ex-
amination thereof, showing that the said mortgage was the first
and only lien upon said premises.    And the said mortgagees,
at the time of making the said loan and paying said money, re-
lied upon said application and the abstract aforesaid; and they
had no actual notice, nor did their said agents have any actual
notice, of the deed of Butler B. Cunningham to Anna Wright,
dated August 14, 1885.    That Butler B. Cunningham on the

14th day of August 1885, executed and delivered a warranty deed to the defendant Anna Wright, whereby he conveyed to her the premises described in plaintiff's complaint, which deed was duly acknowledged and certified on said date, so as to entitle the same to be recorded; and the said Anna Wright, through one R. B. Tripp, on the 14th day of April, 1887, forwarded the said deed, by the usual and ordinary course of mail, sealed, and addressed to the register of deeds at Olivet, Hutchinson county, S. D., with the following letter: "April 14th, 1887. F. J. Eisenmann, Recorder, Olivet, D. T.—Dear Sir: Herewith I send you two deeds,—Sanford McKeever to Anna Wright, and Butler B. Cunningham to Anna P. Wright. Please record them, and return the same to me, with statement of your fees, and I will remit to you. Yours, truly, R. B. Tripp." And the said deed was received, together with said letter, and said deed was actually filed for record in said office by the said register of deeds, on the 14th day of April, 1887; but the said filing was afterwards erased by said register or his deputy. That the said Tripp on or about the 17th day of April, 1887, without the knowledge or consent of, and without authority from, the said Anna Wright (but under circumstances excusing said act), wrote and caused to be forwarded to the said register of deeds a letter directing the said register of deeds, if the said deed from Cunningham to Wright had not been filed or recorded, to withhold the same till further order. That the said deed remained in the office of the register of deeds until on or about the 9th day of May, 1887, when the same was transmitted by the said register of deeds to the said Tripp, and that on or about the 4th day of June, 1887, the said deed was again forwarded by the said Tripp to the said register of deeds for record, and the same was on the 4th day of June, 1887, at 9 o'clock, a. m., recorded in the office of the register of deeds of Hutchinson county, and that said deed was so indorsed as registered on said date by the said register of deeds. He also finds "that there was no proof offered at the trial of this action

that any consideration was paid by the said defendant Anna Wright to Butler B. Cunningham for said deed, other than an acknowledgment contained therein by the grantor of a consideration of $800 to him in hand paid, the receipt of which was thereby acknowledged; that the said defendant Anna Wright, or the said Tripp, at the time of the transmission of said deed from Cunningham to Wright, on or about the 14th of April, 1887, or any one else for her, did not pay, or offer to pay, or tender payment, to the register of deeds, his fees for the record of the deed in question."

In this state, "every conveyance of real property other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or incumbrancer, including an assignee of a mortgage, lease or other conditional estate, of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded." Comp. Laws, § 3293. "An instrument is deemed to be recorded when, being duly acknowledged, or proved and certified, it is deposited in the register's office with the proper officer, for record." Id. § 3272. Under statutes which make the instrument operative as a record from the time it is filed for record, the better rule seems to be that the grantee should be regarded as having discharged his entire duty when he has delivered his instrument, properly executed and acknowledged, or proved and certified, to the recording officer, and as being in the same attitude as if the instrument were at that moment correctly spread upon the record book, and that no subsequent mistake can deprive it of its operation as a recorded instrument. 2 Jones, Real Prop. § 1472. It appears from the referee's findings of fact that respondent's deed was so delivered to the register, prior to the execution of plaintiff's mortgage, that it was actually on deposit in the register's office at that time, and that the failure to note it upon the abstract upon which plaintiff's relied was caused by the mistake of either the register or attorney who transmitted it. The direc-

tion to return the deed having been made without authority, and without the grantee's knowledge or consent, she was not affected thereby. That it was subsequently returned to the register, and spread upon the records, does not change its status at the time the mortgage was executed. It is evident that the grantee did not know of its withdrawal until after the mortgage was recorded. The rights of the mortgagees were fixed by, and dependent upon, the condition of the record when the mortgage was given, and such rights could not be affected by any subsequent recording of the instrument. The second delivery to the register could only affect subsequent transactions, and, to protect herself against such, it was the grantee's duty to again deliver the deed for record when she learned that it had not been spread upon the records. Prior to January 1, 1889, registers were entitled to demand their fees in advance, and were not required to pay any of them over to the county. Since then they have been entitled to demand them in advance, and have been required to account to the county for all except those for making and certifying to abstracts. Comp. Laws, Secs. 624, 1436; Laws 1887, Chap. 50. "Anyone may waive the advantages of a law intended soley for his benefit. But a law established for a public reason cannot be contravened by a private agreement." Comp. Laws, Sec. 4700. When respondent's deed was first deposited with the register, he was at liberty to waive payment of fees, and having done so, as clearly appears from the facts found by the referee, it became his duty to record the instrument. People v. Bristol, 35 Mich. 28. It follows that, for the purpose of this appeal, respondent's deed must be regarded as if actually spread upon the records when first deposited with the register of deed. The effect upon the register's duty of a failure to advance recording fees, under the statute as it has stood since January 1, 1889, is not involved herein, and is not decided.

Regarding respondent's deed as recorded when first deposited with the register, it will be observed that when plaintiff's

mortgage was executed the records disclosed a warranty deed from Cunningham to respondent, executed August 14, 1885, recorded April 14, 1887, and a warranty deed from Cunningham to the mortgagor, executed April 2, 1887, recorded April 11, 1887. Plaintiffs are purchasers in good faith for a valuable consideration, without actual notice of respondent's conveyance and without actual notice that her deed was recorded when their mortgage was taken. Does the law impute notice of such conveyance, and what is the effect of such notice upon the mortgagee, in good faith, and for a valuable consideration, of a grantee in a second deed, recorded before the first deed, when the first deed is recorded before the mortgage is taken? In Massachusetts and Vermont it is held that a purchaser is not bound to examine the record, after the date of a recorded conveyance, to discover whether the grantee therein has made another. prior in time, but junior in record, but may safely purchase from the grantee in the first recorded conveyance, if he (the purchaser) has not had actual notice of the prior deed, and no notice of facts which make it his duty to prosecute inquiry. Connecticut v. Bradish, 14 Mass. 296; Trull v. Bigelow, 16 Mass. 406; Morse v. Curtis, 140 Mass. 112, 2 N. E. 929; Day v. Clark, 25 Vt. 397. The doctrine of the Vermont decision was approved by the supreme court of Wisconsin in Ely v. Wilcox, 20 Wis. 523. But that case was subsequently expressly overruled in a case several times argued before the supreme court of that state, and finally decided in an opinion by Chief Justice DIXON, wherein the difference between the Massachusetts and Wisconsin statutes is pointed out, and the subject exhaustively discussed in the clear and convincing style of that distinguished jurist. Fallass v. Pierce, 30 Wis. 443. See, also Erwin v. Lewis, 32 Wis. 276. It would seem the the statute construed in Fallass v. Pierce was substantially the same as that involved in the case at bar. For this reason, and because of the unusually careful manner in which the matter was argued and considered, we think the decision in that case entitled to

much weight. Supposing A., the owner, conveys land to B., and afterwards conveys the same land to C., who records his deed before that to B. is recorded, and B. records his deed before the land is purchashed from C., the court therein, speaking by Chief Justice DIXON, uses this language: "Now, the reason why the purchasher from C., in the case above supposed who buys after the recording of the prior deed to B. from A., also the grantor of C. is bound to take notice of B.'s deed, or of the fact that the true title is or may be in B., is that such purchaser, in looking upon the statute, sees that B.'s prior and paramount title at common law is not to be devested, or his deed avoided, except upon the happening of three distinct events or contingencies, the absence of either of which will save the title of B., or prove fatal to that claimed by C., or which may be acquired by a purchaser from him. Those events or contingencies are: First, good faith in C., or the purchase by him, without notice, of the previous conveyance to B.; second, the payment of a valuable consideration by C.; and, third, the first recording of C.'s deed. The purchaser from C., looking upon the record, sees —First, the prior conveyance from A. to B.; and, second, the first recording of C.'s deed. Of these two facts the record informs him, but of the other two facts requisite, under the statute, to constitute valid title in C. as against the prior purchaser, B., the record gives him no information. For knowledge of the other two facts, namely, the good faith of C., and valuable consideration paid by him, the purchaser from, or any one claiming title under, C., as against B. or his grantees, must inquire elsewhere than by the record, and is bound, at the peril of his title, or of any right which can be granted by or claimed under C., to ascertain the existence of those facts." This question recently received the careful attention of the supreme court of Mississippi. In an opinion by Chief Justice COOPER, the Massachusetts rule is thoroughly discussed, the authorities in support and those in opposition to it are cited, and the court concludes that the better reason and

decided weight of authority are opposed to the Massachusetts view. Woods v. Garnett, 16 South. 390. We concur in this conclusion. It is supported by the following cases: Van Renssellaer v. Clark, 17 Wend. 25; Van Aken v. Gleason, 34 Mich. 477; English v. Waples, 13 Iowa 57; Mahoney v. Middleton, 41 Cal. 41. The record of respondents deed was sufficient to put the mortgagees upon inquiry as to whether Mahany was a purchaser in good faith, and for a valuable consideration. After the recording of her deed the mortgagees parted with the consideration of their mortgage at their peril. If Mahany purchased in good faith, and for a valuable consideration, he was the owner of the land, and the lien of plaintiff's mortgage is superior to the claims of respondent. If he did not so purchase the property, he had no title whatever, and respondent's rights are paramount to those of the mortgagees. Erwin v. Lewis, *supra.*

In his findings of fact the referee states in detail certain acts of the respondent's husband in connection with the property, and concludes, as matters of law, "that the said defendant Anna Wright, or her husband, Alpha H. Wright, at and prior to the date of the execution of the mortgage in suit, was not in possession of the land described in the complaint, and any and all acts and claim of possession by the defendant Anna Wright or her husband, Alpha H. Wright, were insufficient to give the plaintiffs or their assignors any notice of said defendants' title or interest in and to the land in question." Whether or not the respondent was in sole, exclusive and notorious possession and occupation of the premises, is, we think, a question of fact not found in favor of the respondent, and therefore the judgment in her favor cannot be sustained unless the recording of her deed prior to the execution of plaintiff's mortgage protects her title. Whether or not Mahany purchased in good faith, and for a valuable consideration, is not determined by the findings. In the absence of any finding on this issue, the presumption is that he did so purchase the premises, and the court below erred in concluding

that the plaintiffs acquired no interest in or lien upon the mortgaged premises. Hendrickson v. Wooley, 39 N. J. Eq. 307; Sheffey v. Bank, 33 Fed. 315. The judgment is reversed, and the cause remanded for further proceedings according to law.

Rehearing ordered January 22, 1898.