## WHIFFEN v. HOLLISTER.

1. In an action on a note, defendant claimed that the action was premature; relying on an agreement to extend, which he had complied with. It was shown that, on a request to extend, plaintiff agreed thereto, and wrote defendant that, so long as he kept the interest paid, the principal might remain. Defendant, relying on the letter, subsequently paid the interest, and before the expiration of the time to which it was paid the suit was commenced. *Held,* that the agreement to extend on payment of interest was without consideration, as defendant only promised to do

what he was already obliged to do, and was insufficient to sustain the defense.

2. In an action on a note, defendant, as a counterclaim, alleged that, as collateral security, he assigned to plaintiff a certificate of mortgage sale of land, and offered to show that plaintiff agreed to sell it or the property as soon as the sheriff's deed was secured, and credit the amount on the note, and that he failed to do so, to defendant's damage. The court excluded the evidence because the agreement was not in writing. *Held* error, as the agreement was as to the terms on which the certificate was assigned, and not within Comp. Laws, § 3544, requiring contracts affecting land to be in writing.

3. Where evidence of a contract is objected to on the trial because it was not in writing, its inadmissibility cannot be urged on appeal on some other ground.

4. In an action on a note, defendant, as a counterclaim, alleged that, as collateral security, he assigned to plaintiff a certificate of mortgage sale of land, with authority to procure the sheriff's deed, sell the property, and apply the proceeds to the payment of the note; that plaintiff had neglected to sell the property, which had greatly depreciated in value, to defendant's damage. *Held* that evidence as to the value of the land at the time plaintiff was entitled to a sheriff's deed, and its value at the commencement of the suit, was admissible, since, if defendant sustained such damage by plaintiff's neglect, he was entitled to recover it on his counterclaim.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Minnehaha county. Hon. Joseph W. Jones, Judge.

Action on promissory note. Plaintiff had judgment and defendant appeals. Reversed.

The facts are stated in the opinion.

*Davis, Lyon & Gates*, for appellant.

The agreement of extension, being in writing, implied a consideration and was sufficient to sustain the plaintiff's promise,

§ 3538, Comp. Laws Subd. 2 and 3; Corbett v. Clough, 8 S. D., 176; 65 N. W., 1074.

Testimony offered to prove the conditions under which the sheriff's certificate was assigned, was proper and not within the staute of frauds. § 3562, Comp. Laws; 1 Greenl Ev. §§ 286-289; Pierce v. Parker, 4 Met. 80.

*A. Frizzell* and *Aikens & Judge,* for respondent.

The agreement for an extension was merely an accommodation granted without consideration, and there was no mutuality of promise.

The offers of testimony concerning assignment of sheriff's certificate, were not competent because they sought to enlarge upon the assignment, which was in writing. § 3544 Comp. Laws.

CORSON, P. J. This is an action on a promissory note executed by the defendant, Hollister, to the plaintiff. The defendant admitted the execution of the note, and set up the fol lowing defense: That, by an agreement made and entered into in writing between the plaintiff and the defendant, it was agreed that upon the payment of the sum of $35 interest on November 7, 1897, the time of payment of said note should be extended to May 7, 1898, which sum the defendant thereupon paid to the plaintiff upon the said date, and thereby the time of payment of the said note was extended to May 7, 1898, which time was long subsequent to the time of the commencement of this action. And the defendant, by way of counterclaim, alleged that said note was the result of a settlement of an action brought against this defendant and others for the foreclosure of a mortgage, in which the property described in the mort-

gage was sold, and bid in by this defendant for the sum of $1,000, and a sheriff's certificate of sale was thereupon issued to this defendant on or about May 7, 1892; that by an arrangement between the plaintiff and this defendant the note in suit was given, and said certificate of sale was assigned to the plaintiff as collateral security for the payment of the same, with authority to the plaintiff to sell and dispose of the said property, and apply the proceeds thereof to the payment of the said note; that no redemption was had of the said premises from the said sale, and that plaintiff thereby became entitled to a sheriff's deed thereon on May 8, 1893, which deed would have perfected the title in the plaintiff to said premises, free and clear of all incumbrances; that said premises were on May 7, 1893, of sufficient value, and could have been sold for a sum sufficient, to have paid said note in full; that said plaintiff did not take out a sheriff's deed to said property at the date when he was entitled to the same, nor has he ever done so, and has not sold said premises nor said certificate of sale; but has wholly neglected and still neglects to do so; that since the plaintiff was entitled to the sheriff's deed as aforesaid the said premises have constantly depreciated in value, until they are now of little value. to wit, the sum of $300; and that by reason of the negligence of this plaintiff as aforesaid the defendant has suffered damages to the amount of $700, which sum he hereby offers to set off against whatever sum the court shall find due to plaintiff.

At the close of the evidence the plaintiff moved the court to direct a verdict for the amount claimed, for the reason that defendant had offered no substantial defense to the note. The motion was sustained. Defendant excepted, and now assigns this

ruling of the court as error. It appears from the evidence on the part of the defendant that after the note in controversy became due, in May, 1893, an extension of the time of payment was granted by the plaintiff, and that on December 3, 1894, the plaintiff, in a letter bearing that date, in reply to a request for a further extension, uses the following language: "I grant the further extension, and, so long as you keep the interest paid, the principal can remain." There was no agreement subsequently made between the parties in reference to any extension of time. It appears from the testimony of the defendant that after the receipt of the letter above mentioned he relied upon the agreement of the plaintiff contained therein, and continued to pay interest upon the note semiannually as the same became due, and that he made the last payment on November 7, 1897, prior to the commencement of the suit in February, 1898. He further testified he would not have retained the loan, or let it run as long as it did, had it not been for the assurance contained in the letter of Mr. Whiffen, above referred to. The appellant contends that this agreement on the part of the plaintiff made in December, 1894, constituted a valid and binding agreement for the extension for the six months ending May 7 1898, and that therefore, the plaintiff could not legally commence this action prior to that date. This contention is not tenable, for the reason that no consideration is shown by the agreement, and there is no mutuality between the parties to the agreement, and the time of extension is indefinite and uncertain. It will be observed that the defendant entered into no direct agreement to pay the interest at any particular time or in any particular manner, and he did nothing which he was not already bound to do by his note. This court held in Bunker

v. Taylor, 10 S. D. 526; 74 N. W., 450, that, in order to constitute a valid consideration, the promise of the debtor must be to do some act which he is not already bound by his note to do.   Assuming therefore that the defendant had in fact agreed to pay the interest, he contracted to do nothing more than that which he was already obligated to do by the note itself.   Again, there was no mutuality in the contract between the parties.   The defendant did not bind himself to keep the money for any definite term, and there was in fact no contract between the parties for any definite extension of time.   We are clearly of the opinion, therefore, that the evidence failed entirely to sustain the first defense.

To sustain defendant's counterclaim, he was shown a certificate of sale, attached to which appeared the following assignment:   "I hereby assign the annexed certificate of purchase to Fred J. Whiffen as collateral security to one promissory note for $1,000, payable in one year from date, at 7 per cent. interest, which note bears even date herewith.   Dated May 5th, 1892.   W. C. Hollister."   And in regard to this certificate of sale the defendant testified:   "I never had it, but the understanding was Mr. Whiffen was to have it,—to be assigned over.   The certificate was taken in my name in pursuance of a foreclosure sale in which I had bid off the property for $1,500, and I turned this over to Mr. Whiffen's representative."   The witness was then asked:   "What agreement, if any, was made between yourself and the plaintiff, through his representative, at that time?"   Plaintiff objected to the question as incompetent and immaterial, unless it was first shown that the agreement was in writing.   Objection sustained, and defendant excepted.   Other similar questions were propouded to the wit-

ness, objected to, objections sustained, and exceptions taken. Counsel for the defendant then made the following offer: "I now offer to prove by this witness that at the time of delivering to the plaintiff or his representative the note in suit, together with the certificate of sale and the assignment thereof, the plaintiff agreed that he would sell and dispose of the said certificate, or the property, as soon as sheriff's deed was procured, at the best possible terms, and would give Mr. Hollister credit therefor on said note." This offer was objected to as incompetent and immaterial, unless the defendant offered to show that the contract was in writing. Objection sustained, and defendant excepted. The witness was then asked a number of questions relating to the value of the property included in the certificate of sale on the 7th of May, 1893, and at the time of the commencement of the suit and at the time of the trial. These questions were all objected to as incompetent and immaterial, and objections sustained, to which defendant excepted. Counsel for defendant then made the following offer: "I now offer to show by this witness that on the 3d day of December, 1894, this property was of the value of at least one thousand dollars, and that it was at least of that value on the 7th day of May, 1893, and that at the time of the commencement of this action and at the present time said property does not exceed in value the sum of three hundred dollars." Plaintiff objected to this offer as incompetent and immaterial and in no way affecting the plaintiff. Objection sustained, and defendant excepted. Defendant then testified as follows. "I have never had possession of this certificate of sale since I turned it over to the plaintiff. I have never taken out a sheriff's deed of the property. The mortgage that was fore-

closed was a first mortgage upon the property. This certificate is a first lien upon the property. The taxes were paid. The plaintiff has never accounted to me for this property, or any of the proceeds thereof." We are of opinion that, in excluding the evidence of the defendant relating to the assignment and transfer of the certificate of sale as collateral to the note, the learned circuit court was in error. The objection to this evidence, it will be noticed, was that the same was incompetent and immaterial unless it was shown that the contract was in writing. The theory of the objection seems to have been that the contract sought to be proved related to the sale of lands. The statute upon this subject reads as follows: "The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent:  *  *  *  (5) An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein; and such an agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged." Section 3544, Comp. Laws. The contract sought to be proved in this case was one not coming within the provisions of the statute. The certificate of sale was properly assigned by a written instrument, and it appears on the face of the assignment that it was made as collateral security to the note. The agreement sought to be proven on the part of the defendant was as to the terms upon which the certificate was assigned to the plaintiff, and by the offer it appears that the terms were that the plaintiff agreed that he would sell and dispose of the said certificate or the property as soon as the sheriff's deed was

secured, at the best possible terms, and as soon as practicable, and would give Mr. Hollister credit therefor on said note. Assuming, as we must do for the purposes of this decision, that the defendant could have proven the facts stated in his offer, the defendant would be entitled to such damages as he sustained by reason of the failure of the plaintiff to comply with the terms of the contract.

It is now insisted by respondent that the answer did not state facts sufficient to constitute a counterclaim, and therefore that this evidence was inadmissible under the answer; but this was not the ground of the objection in the court below. Had such an objection been made in the court below, the answer, if insufficient, might have been amended at the trial, or the evidence might have been admitted, and the answer subsequently amended to make it conform to the truth. But, as respondent's objection was based upon the theory in the court below that the evidence of the contract was inadmissble unless the same was in writing, that is the only theory that can be advanced on the part of the respondent in this court. Noyes v. Brace, 9 S. D. 603, 70 N. W. 846, This court, in D. M. Osborne & Co. v. Stringham, 1 S. D. 406, 47 N. W. 408, says: "Great latitude, however has been allowed in the admission of parol evidence, to prevent fraud or injustice. For this purpose parol evidence has been admitted of all the circumstances of the transactions,—the subject matter, the parties, the consideration,—to prove a contemporaneous, verbal agreement not directly contradictory of the written one, to supply deficiencies and omissions, so as to carry out the true intent of the agreement, and, generally, to save a party from injustice." The evidence sought to be introduced in this case tended to

prove a contemporaneous agreement not contradictory of the written one. The fact that the assignment of the certificate of sale was not intended to be an absolute one is clearly shown by the assignment itself. If assigned as collateral security, as stated in the assignment, it was perfectly competent and proper for the defendant to show the entire agreement made in connection with this assignment,—how and in what manner it was to be collateral to the note, when and under what circumstances the collateral should be sold, and the manner in which the proceeds were to be applied, and the value of the property at the time the plaintiff would be entitled to a deed, and its value at the time of the commencement of the action. This the evidence offered, if admitted, would have shown. If, by reason of the breach of the agreement made by the plaintiff in reference to the sale and disposition of the collateral security, the defendant sustained damage, he was clearly entitled to recover the amount of such damage by way of a counerclaim in this action. For the error of the court in excluding this evidence of the agreement and the value of the land in 1893-94 and at the time of the commencement of this action, the judgment of the court must be reversed. The judgment of the circuit court is reversed and a new trial ordered.