## PARRISH *et al.* v. MAHANY *et al.*

1. Where a grantor at different times executed deeds to two different persons to the same property, one who, after both deeds are recorded, accepts a mortgage from the grantee in the deed last executed, but

first recorded, has the burden of proving, to validate his mortgage as against the first grantee, that the mortgagor was a bona fide purchaser for value from his grantor without notice of the prior conveyance, and that fact will not be presumed, in the absence of any finding.

2. Causes will not be reversed on a theory not advanced and relied on below.

3. A contention that a party assumed the burden of proof respecting a certain issue, and that it rested on him, cannot be made for the first time on appeal.

(Opinion filed December 20, 1899.)

Appeal from circuit court, Hutchinson county. Hon. E. G. SMITH, Judge.

Action to foreclose a real estate mortgage. Defendants had judgment and plaintiffs appeal.

This case was first determined by this court in an opinion filed Nov. 19, 1897, reported in 10 S. D. 276, 73 N. W. 97. In that opinion the judgment of the trial court was reversed. A rehearing was ordered January 22, 1898. This opinion is upon the rehearing. The former judgment of this court is reversed and the judgment of the trial court affirmed.

*Bartlett Tripp* and *Robert B. Tripp* for respondents and petitioners for rehearing.

A grantee in a chain of title who finds on record a prior deed from one of his grantors is required at his peril to enquire whether his grantor or some other grantor in this chain of title subsequent to such conveyance whose deed was first recorded was a bona fide purchaser for value, and he should be required to allege and prove such facts when he seeks to avoid or cancel such prior conveyance. Comp. Laws §§ 3293, 3297; Landauer v. Sioux Falls Imp. Co., 72 N. W. 467; Rosenbaum v. Foss 56

N. W. 114; Maitland v. Wilson 3 Atkins 814; Brown v. Chiles 10 Pet. 177; Jewett v. Palmer 7 Johns Ch. 65; Nantz v. McPherson 18 Am. Dec. 216; Johnson v. Tomulin 52 Am. Dec. 219; Cummings v. Colman 62 Am. Dec. 406; High v. Botte 10 Yerg. 335; Bishop v. Schneider 46 Mo. 472; Bross v. Wiley, 6 Wis. 485; Eversdon v. Mayhew 65 Cal. 163; Colton v. Seavey, 22 Cal. 497, 504; Wallace v. Wilson 30 Mo. 335; Kimball v. Terner 12 N. H 248; Nolan v. Gwyn, 16 Ala. 725; Prickett v. Muck, 42 N. W. Rep. 256; Sillyman v. King, 36 Iowa, 207; Morris v. Daniels, 35 Ohio St. 406; Lake v. Hancock, 20 So. 811; County Bank v. Fox, 51 Pac. 11; Shotwell v. Harrison, 22 Mich. 410; Lloyd v. Lynch, 28 Pa. St. 419; Bolton v. Johns, 5 Pa. St. 145; Watkins v. Edwards, 23 Tex. 443; Bolton v. Jacks, 6 Robertson 166; Long v. Dollarhide, 24 Cal. 218.

*Gamble & Dillon,* for appellants, *contra.*

The policy of the law is to give protection to one who has priority of record. The record imparts a legal presumption. Every presumption is in favor of the subsequent grantee. His title cannot be postponed except by evidence which taints his conduct with fraud. Ryder v. Rush, 102 Ill. 338; Hatzel v Barber, 69 N. Y. 9; Anthony v. Wheeler, 22 N. E. 494; Sayward v. Thompson, 40 Pac. 379; Lyon v. Gleason, 42 N. W. Rep. 286; Brown v. Valkening, 64 N. Y. 76; Webb on Record Title, § 154; White v. McGarry, 47 Fed. 420; Mills v. Smith, 8 Wall 27; Beman v. Douglas, 37 N. Y. S. 859; Memphis Land Co. v. Ford, 56 Fed. 452; Rogers v. Wiley, 14 Ill. 65; Wood v. Chapin, 13 N. Y. 509; Mansfield v. Excelsior Co., 135 U. S. 333; Merrill v. Luce, 6 S. D. 354; Brown v. Sanner Co., 97 Ill. 214; Gress v. Evans, 1 Dak. 399; Prouty v. Bullard, 41 N. W. 559; Earle v. Fiske, 103 Mass. 491; Peck v. Arebard, 95 Ill. 113;

Ballard v. Carmicheal, 17 S. W. 293; Biggerstaff v. Murphy, 22 S. W. 768; Snyder v. Roberts, 13 Tex. 598; Roll v. Rea. N. J. L. 264; Bush v. Golden, 17 Conn. 594; Button v. Stevens, 26 Me. 484; Spofford v. Weston, 29 Me. 140.

The acknowledgment in a deed of the receipt of the purchase money is *prima facie* evidence that the grantee is a pur chaser for a valuable consideration under the recording act. Wood v. Chapin, 13 N. Y. 509; Jackson v. McChesney, 7 Cow. 360; Whitbeck v. Whitbeck, 9 Cow. 266; West Portland Homestead Ass'n v. Lawnsdale, 19 Fed. 291; Taylor v. Baldwin, 10 Barb. 587; Ward v. Isbill, 26 N. Y. S. 141; Teneyck v. Whitbeck, 15 N. Y. S. 418; Drey v. Doyle, 22 S. W. 287.

HANEY, J. This is an action to foreclose a real estate mortgage executed by the defendants Mahany and wife. Respondent Wright claims the property under a conveyance executed and recorded prior to the execution and recording of plaintiff's mortgage. The issues are stated in our former decision 10 S. D. 276, 73 N. W. 97, wherein it is held that respondent Wright's deed must be regarded as having been recorded when it was first deposited with the register of deeds, notwithstanding it was subsequently withdrawn from the registers's office, without respondent's authority or consent, before it was actually spread upon the records. Adhering to this conclusion, it will be observed that when plaintiffs' mortgage was executed the records disclosed a warranty deed from Cunningham (the common source of title) to respondent Wright, executed August 14, 1885, recorded April 14, 1887, and a warranty deed from Cunningham to Mahany, executed April 2, and recorded April 11, 1887. Plaintiffs were incumbrancers in good

faith, for value, without actual notice of respondent Wright's prior conveyance, and without actual notice that her deed was recorded when their mortgage was taken.

Having decided that respondent's deed shall be deemed to have been recorded when plaintiffs parted with the consideration of their mortgage, this court concluded that if Mahany, their mortgorgor, purchased "in good faith, and for a valuable consideration, he was the owner of the land, and the lien of plaintiffs' mortgage is superior to the claims of the respondent; if he did not so purchase the property, he had no title whatever, and respondent's rights are paramount to those of the mortgagees"; and that, in the absence of any findings as to whether Mahany purchased in good faith and for value, it would be presumed that he did so purchase the premises. Upon this presumption the judgment of the trial court was reversed. Parrish v. Mahany, *supra.* Subsequently a rehearing was granted for the purpose of again considering whether or not such presumption should prevail in the determination of this appeal. In the court below and upon the original argument in this court plaintiffs relied upon the contention that they were incumbrancers in good faith, for value, and that their mortgage was first recorded; hence attention was not given to the question now under discussion, and it did not receive the consiueration its importance merited, in our former decision. As to whether or not a subsequent purchaser under a deed is presumed to be a bona fide purchaser for value, without notice, the authorities are conflicting. See note to Anthony v. Wheeler (Ill. Sup.) 17 Am. St. Rep. 288 (s. c. 22 N. E. 494); Sillyman v. King, 36 Iowa 207; Colton v. Seavey, 22 Cal. 496; Pricket v. Muck (Wis.) 42 N. W.. 256; Bank v. Fox (Cal.) 51 Pac. 11. Were this a con-

test between Mahany and the respondent Wright, there would be reasons for holding that he should be presumed to have pur chased in good faith, for value, and without notice, which cannot be invoked in favor of the plaintiffs. When the conveyance to Mahany was executed, the record title was in Cunningham, respondent's deed not then having been recorded. When plaintiff's mortgage was taken, respondent's conveyance was of record. Plaintiffs had record notice that Mahany's title was in doubt, and, as was stated in our former decision, "the record of respondent's deed was sufficient to put the mortgagees upon inquiry as to whether Mahany was a purchaser in good faith and for a valuable consideration. After the recording of her deed, the mortgagees parted with the consideration of their mortgage at their peril." Parish v. Mahany, *supra*. Undoubtedly, plaintiffs' mortgage would not have been executed if respondent's deed had appeared upon the records, as it should have done; but, as shown in our former decision, respondent was not responsible for the unfortunate mistake which was the real cause of the controversy between these parties. Where the records disclose the existence of a prior conveyance, prudent persons will hesitate to purchase of the subsequent grantee, although his conveyance may have been first recorded, because they have record notice that their grantor's title is in doubt. Therefore, without deciding what presumption should prevail where the subsequent grantee or subsequent incumbrancer acquires his rights before a prior conveyance has been recorded, we think that where, as in this case, an incumbrancer's rights are acquired after the prior conveyance has been recorded, such incumbrancer should assume the burden of proving that his grantor, the grantee in

the subsequent conveyance, was a bona fide purchaser for value, without notice of the prior conveyance. It follows that this court must recede from the position taken in our former opinion, wherein it announced that because it was not determined by the findings whether or not Mahany purchased in good faith, and for a valuable consideration, it would presume that he did so purchase the premises.

There is another respect in which this court erred in connection with this question of presumption. It inadvertently reversed the trial court upon a proposition not presented to that court and not presented to this court by the argument of counsel. It is evident that plaintiffs relied, in the court below and in this court, in their first argument, upon the theory that their mortgage was recorded prior to the recording of the respondent's deed, and this court has frequently announced the well-established rule of appellate procedure that causes will not be reversed upon a theory not advanced and relied upon in the lower court. Noyes v. Brace, 9 S. D. 603, 70 N. W. 846; Thresher Co. v. Schmidt, 9 S. D. 489, 70 N. W. 646.

Respondent attacks the conveyance from Cunningham to Mahany in one division of her answer, and prays for its cancellation. For this reason plaintiffs contend that, whatever the general rule may be, the burden was assumed by, and rested upon, respondent, in this action, to show that Mahany was not a purchaser in good faith and for a valuable consideration. This contention was not made in the court below, and therefore should not be considered upon this appeal. And it is not tenable. Mahany was not served and did not appear. Consequently the issues relating to the cancellation of his conveyance were not adjudicated, and were not material to the controversy

between plaintiffs and respondent. It is highly probable that, in the light derived from the reargument of this appeal, counsel for both parties would frame different pleadings, were the cause to be again tried, but this court must determine the questions involved as they are presented by the record before it, and upon such record, we think, the circuit court did not err in concluding that the plaintiffs acquired no interest in, or lien upon, the mortgaged premises, and its judgment is affirmed.