## POLLOCK *et al.* v. WRIGHT *et al.*

1. Under Comp. Laws, § 4856, providing that an action for relief for which no period of limitation is provided must be commenced within 10 years after the cause of action shall have accrued, an equity suit, by persons voluntarily paying a mortgage, to be subrogated to the rights of the mortgagee, will be deemed barred within that period after payment.

2. Where a grantor at different times executed deeds to two different persons to the same property, subject to a mortgage, one who, after the deeds have been recorded, accepts a mortgage from the second grantee and thereafter pays the first mortgage, will be deemed a volunteer in regard to the same, and will not be entitled to be subrogated to the prior mortgagee's interest.

CORSON, J., dissenting.

(Opinion filed October 2, 1901.)

Appeal from circuit court, Hutchinson county; HON. E. G. SMITH, Judge.

Suit by Sir. Frederick Richard Pollock and others against Anna Wright and others, to reinstate and foreclose a mortgage upon

realty. From a decree in favor of the defendants, complainants appeal. Affirmed.

*Gamble & Dillon,* for appellants.

The doctrine of subrogation is a creature of growth and development. The early cases frequently held to the narrow rule of the voluntary payment and denied the subrogation. But the doctrine of subrogation has expanded through the evolution of laws, so that now all the modern authorities hold that the fact of payment under the circumstances in this case is not a voluntary payment, and that subrogation will be allowed. Bank Ipswich v. Brock, 83 N. W. 436; Emmert v. Thompson, 52 N. W. 31; Draper v. Ashley, 62 N. W. 707; Hoffman v. Demple, 35 Pac. 803; Trallers Bank v. Myers, 44 Pac. 292; Everton v. Bank, 6 Pac. 605.

The respondents are in no position to plead the statute of limitations. They do not claim any priority with the original mortgagor Reeves or the mortgagee Snyder. The statute of limitations is a personal privilege and can only be claimed by the original mortgagor or mortgagee. Allen v. Smith, 129 U. S. 465; Hesser v. Steiner, 5 W. & S. 476; Page v. Latham, 63 Cal. 75; Corso v. Moffat, 17 Pac. 771; Outhouse v. Outhouse, 13 Hun. 130; Railroad v. Vanderworker, 28 S. E. 828; 2 Johns. Mort. 1187.

The mortgage in this case being a sealed instrument, the limitation upon its foreclosure was twenty years. When these plaintiffs paid the mortgagors they became the owners by force of law, the judgment working an assignment. They then stood in the shoes of the original mortgagee and could foreclose their lien notwithstanding the debt being barred. Terry v. Cutler, 23 S. W. 539; Tutt v. Thornton, 57 Tex. 35; Cocher v. Cocher, 39 At. 535; Hull v. Hull, 29 Am. St. 800; Evans v. Johnson, 45 Am. St. 912. This action does not come within the provisions of section 4850, but is

governed by section 4856 of the Compiled Laws. Pillar v. Railroad, 52 Cal. 42; Martin v. Rogers, 153 N. Y. 316; Smith v. Hamilton, 59 N. Y. S. 521. Under the circumstances of this case the statute of limitations did not begin to run until the plaintiff had knowledge of the facts, which was but seven and one-half years prior to the commencement of the action. Gould v. Emerson, 160 Mass. 438; Gilmore v. Ham, 142 N. Y. 1; Humphrey v. Carpenter, 39 Minn. 115; Todd v. Adm., 30 N. J. Eq. 254; Lewey v. Fricke Co., 45 Am. St. 684.

*R. B. Tripp,* for respondents.

Plaintiffs' right of action, if any existed, was barred in ten if not in six years from the time it accrued. §§ 4850, 4856, Comp. Laws; Chipman v. Morril, 20 Cal. 137; Rittenhouse v. Lurring, 6 W. & S. 199; Fink v. Mahaffy, 8 Watts 384; Johnson v. Belden, 49 Ia. 301; Junker v. Rush, 26 N. E. 499; Thompson v. Cheesman, 48 Pac. 477; Arbogast v. Hays, 98 Ind. 26; Kreider v. Isenbrice, 23 N. E. 786; Zweigle v. Hohmann, 27 N. Y. Supp. 111; Zulling v. Henurli, 853 N. E. 447; Fairs v. Cockrill, 88 Tex. 428; Hunts v. Hoyne, 84 N. W. 773; Lord v. Morris, 18 Cal. 482; McCarthy v. White, 21 Cal. 495; Grattan v. Wiggins, 23 Cal. 16; Caster v. Brown, *Id.* 143; Day v. Baldwin, 34 Ia. 380; Partridge v. Mitchell, 3 Edwards, (Ch.) 180; Scott v. Sloan, 23 S. W. 42; McClaugherty v. Croft, 27 S. E. 246.

The judgment should be affirmed for the reason that no right of subrogation exists in such a case as this, under the laws of this state. § 4339, Comp. Laws; Kalschener v. Upton, 6 Dak. 456; Banta v. Garno, 1 Sundf. Ch. 383; Sandford v. McLean, 23 Am. Dec. 773; Kehler v. Hughes, 148 N. Y. 507; Guy v. DuUprey, 16 Cal. 195, 76 Am. D. 518; Brown v. Rouse, 125 Cal. 642; Aetna Life Insurance Co. v. Town, 124 U. S. 534; Desot v. Ross, 95

Mich. 81; Watson v. Wilcox, 39 Wis. 643; Burns v. Lindsay, 7 S. W. 473; Kleiman v. Gieselman, 21 S. W. 796; Campbell v. Foster A. Ass., 30 Atl. 222; Wilson v. Wilson, 57 Pac. 708; Martin v. Martin, 45 N. E. 1007; Wentworth v. Tubbs, 55 N. W. 543; Seieroe v. Homan, 70 N. W. 244; Good v. Goldon, 19 So. 100; Mercantile Co. v. Hart, 76 Fed. 673; Heinchman v. Morris, 2 S. E. 863; McIrney v. Reed, 23 Ia. 410; Wallace's Estate, 59 Pa. 81, 401.

FULLER, P. J.  The facts necessary to a complete understanding all that is presented by this appeal from a judgment dismissing the complaint in an action to reinstate and foreclose a mortgage are chronologically stated in Parrish v. Mahany, 10 S. D. 276, 73 N. W. 97, 66 Am. St. Rep. 733, and again on rehearing, 12 S. D. 278, 81 N. W. 295, 76 Am. St. Rep. 604, and the only essential question of law is whether appellants are entitled to invoke the doctrine of subrogation.  On or about August 1, 1885, Butler C. Cunningham, who then owned the premises described in the complaint, sold, and by warranty deed conveyed, the same to the respondent, Anna Wright, subject to certain delinquent taxes and a valid mortgage, given on the 13th day of July, 1881, to secure the payment of a promissory note of even date for $300, executed by William C. Reeves to James Snyder.  According to the decisions above mentioned, this deed, though subsequently withdrawn from the office of the register of deeds without the knowledge or consent of the owner, was, in legal effect, duly recorded on the 14th day of April, 1887.  Notwithstanding his former complete alienation of the premises, Cunningham executed and delivered another warranty deed on the 2d day of April, 1887, which purports to convey the same property, for a valuable consideration, to the defendant Amos E. Mahany, who

is claiming nothing, and has not appeared in this action. Thereupon this conveyance was duly recorded, and, on the 15th day of April, 1887, Mahany executed and delivered to the appellants Sir Frederick Richard Pollock and Albert Pell, trustees, a mortgage on the premises, to secure a loan of $1,000, made without actual notice of the Anna Wright deed, and this mortgage, which was afterwards assigned to appellants Parrish and Potter, was duly recorded on the 19th day of April, 1887. For the purpose of securing a first lien, and in the honest belief that the Snyder mortgage, interest, and taxes constituted the only existing incumbrances, appellants caused the entire amount, aggregating $420.36, to be paid, and the record thereof satisfied, on the 19th day of April, 1887, and such amount was deducted from the loan of Mahany. By consulting the decisions above cited, it will be noticed that on account of the deed executed by Cunningham to Wright long prior to his conveyance to Mahany, and the recording of this deed to Wright before the execution of appellants' mortgage, it was held, in a foreclosure action, that appellants' mortgage constituted no lien. Mrs. S. A. Flannagan is made a party to this suit for the reason that she holds a mortgage on the property, executed by respondent Wright, on the 11th day of September, 1894, to secure a promissory note for $1,000, due six months after date, no part of which has been paid. Computed from the date of the Snyder mortgage, more than 10 years having elapsed prior to the commencement of this suit, it is contended by counsel for respondent that the right of subrogation, if it ever existed, is barred by the statute of limitations. Section 4833 of the Compiled Laws provides that: "Civil actions can only be commenced within the periods prescribed in this Code, after the cause of action shall have accrued, except where in special cases, a different limitation is prescribed by statute." And subdivision 6 of Section 4850 is

as follows: "An action for relief on the ground of fraud, in cases which heretofore were solely cognizable by the court of chancery, the cause of action in such case not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud." Our statute of limitations applies to suits in equity as well as actions at law and with the exception of actions for relief on the ground of fraud, the statute is not postponed beyond the time specified in the various sections relating to the time for the commencement of actions. While actions for relief on the ground of fraud do not accrue until the facts constituting such fraud are discovered by the aggrieved party, mistakes are not covered by the exception, and, as no fraud is alleged, it is evident that appellant's cause of action, if they ever had one, accrued on the 19th day of April, 1887, when they paid off the Snyder mortgage. The statute, limiting to a definite period the time within which actions for special purposes must be commenced, further provides that, "An action for relief not hereinbefore provided for must be commenced within ten years after the cause of action shall have accrued." And this provision (section 4856) is the only one under which appellants could ever have claimed the right to litigate the questions presented by their complaint. Clearly, if appellants ever possessed the right of subrogation, the statute began to run against such right when the payment upon which they rely was made, and, more than 10 years having elapsed, their claim is barred by the statute of limitations. The legislature, not having deferred the operation of the statute until the mistake is discovered, as in cases of fraud, the courts have no power to thus extend the time within which an action may be brought; and, as respondents are the only persons in favor of whom such statute has run, they may take advantage of its provisions. Bank v. Kissane, (C. C.) 32 Fed. 429; Humphrey v. Carpen-

ter, 39 Minn. 115, 39 N .W. 67; Gilmore v. Ham, 142 N. Y. 1, 36 N. E. 826, 40 Am. St. Rep. 554; Piller v. Railroad Co., 52 Cal. 42; Zuelling v. Hemerlie, 60 Ohio St. 27, 53 N. E. 447, 71 Am. St. Rep. 707; Scott v. Nichols, 61 Am. Dec. 503.

While the foregoing point is conclusive, we will briefly notice another, which goes directly to the groundwork of the action. Before appellants could in any event succeed to the rights of the former lienholders, it would be incumbent upon them to plead and prove that they paid a debt for which they were then at least secondarily liable; and such is not this case in any particular. Bouvier, in defining the word "subrogation," observes that "a principle which lies at the bottom of the doctrine is that the person seeking it must have paid the debt under grave necessity to save himself a loss. The right is never accorded to a volunteer." To gratify a desire to make a loan for profit and more effectually secure such obligation, appellants chose, without the slightest compulsion, to pay the debt of another at a time when they had no interest at hazard. Clearly, appellants were under no obligation to loan, nor was Mahany authorized to borrow, money with which to pay the Snyder mortgage assumed by Anna Wright, and neither of such intermeddlers, at the time, intended to invoke the doctrine of subrogation or call upon these respondents for reimbursement. Chief Justice RYAN, in Watson v. Wilcox, 39 Wis. 643, 20 Am. Rep. 63, says: "One, who having no interest to protect, voluntarily loans money to a mortgagor for the purpose of satisfying and canceling the mortgage, taking a new mortgage for his own security, cannot have the former mortgage revived, and himself be subrogated to the rights of the mortgagee therein. * * * We know of no case that has ever carried the doctrine of subrogation so far as to hold that a mere loan of of money, for the purpose of enabling the borrower to pay a debt,

entitled the loaner to be subrogated to the rights of the creditor whose debt was thus paid." Being entire strangers to all previous transactions affecting existing obligations, for which they were in no manner liable, their voluntary interference was not of a character to invoke the doctrine of subrogation. In Aetna Life Ins. Co. v. Town of Middleport, 124 U. S. 534, 8 Sup. Ct. 625, 31 L. Ed. 537, Mr. Justice MILLER, after defining the term "subrogation," thus states the doctrine of its application. "It takes place for the benefit of a person who, being himself a creditor, pays another creditor whose debt is preferred to his by reason of privileges or mortgages, being obliged to make the payment, either as standing in the situation of a surety, or that he may remove a prior incumbrance from the property on which he relies to secure his payment. Subrogation, as a matter of right, independently of agreement. takes place only for the benefit of insurers, or of one who being himself a creditor has satisfied the lien of a prior creditor, or for the benefit of a purchaser who has extinguished an incumbrance upon the estate which he has purchased, or of a co-obligor or surety who has paid the debt which ought, in whole or in part, to have been met by another. The doctrine of subrogation is not applied for the mere stranger or volunteer, who has paid the debt of another, without any assignment or agreement for subrogation, without being under any legal obligation to make the payment, and without being compelled to do so for the preservation of any rights or property of his own." In Sanford v. McLean, 3 Paige, 122, 23 Am. Dec. 776, Chancellor Walworth thus makes a clear-cut statement of the controlling principle: "It is only in cases where the person advancing money to pay the debt of a third party stands in the situation of a surety, or is compelled to pay it to protect his own rights, that a court of equity substitutes him in the place of the creditor, as a mat-

ter of course, without any agreement to that effect. In other cases the demand of a creditor, which is paid with the money of a third person, and without any agreement that the security shall be assigned or kept on foot for the benefit of such third person, is absolutely extinguished." Evidently, then, appellants are in no position to claim the right of substitution, as adopted and applied by the courts, and no cases can be found where subrogation has been granted to a mere volunteer. From such, the courts have uniformly and unyieldingly withheld relief. Shinn v. Budd, 14 N. J. Eq. 234; Hays v. Ward, 4 Johns. Ch. 130, 8 Am. Dec. 554; Kleimann v. Geiselmann, 45 Mo. App. 497; Railroad Co. v. Dow, 120 U. S. 287, 7 Sup. Ct. 482, 30 L. Ed. 595; Hoover v. Epler, 52 Pa. 522.

Viewed in the light of the principles announced, and fortified by all the authorities, we see nothing in this case within the reach of equity, and the judgment appealed from is affirmed.

HANEY, J. I concur only in the views expressed by the presiding judge concerning the statute of limitations.

CORSON, J., dissents.